J-S04043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NORMAN BOWEN | : | |
| | : | |
| Appellant | : | No. 1314 EDA 2020 |

Appeal from the PCRA Order Entered May 26, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009387-2016,
CP-51-CR-0009396-2016, CP-51-CR-0009404-2016,
CP-51-CR-0009406-2016, CP-51-CR-0009408-2016,
CP-51-CR-0009414-2016, CP-51-CR-0010116-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NORMAN BOWEN | : | |
| | : | |
| Appellant | : | No. 1315 EDA 2020 |

Appeal from the PCRA Order Entered May 26, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009387-2016,
CP-51-CR-0009396-2016, CP-51-CR-0009404-2016,
CP-51-CR-0009406-2016, CP-51-CR-0009408-2016,
CP-51-CR-0009414-2016, CP-51-CR-0010116-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NORMAN BOWEN | : | |
| | : | |
| Appellant | : | No. 1316 EDA 2020 |

Appeal from the PCRA Order Entered May 26, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009387-2016,
CP-51-CR-0009396-2016, CP-51-CR-0009404-2016,
CP-51-CR-0009406-2016, CP-51-CR-0009408-2016,
CP-51-CR-0009414-2016, CP-51-CR-0010116-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NORMAN BOWEN | : | |
| | : | |
| Appellant | : | No. 1317 EDA 2020 |

Appeal from the PCRA Order Entered May 26, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009387-2016,
CP-51-CR-0009396-2016, CP-51-CR-0009404-2016,
CP-51-CR-0009406-2016, CP-51-CR-0009408-2016,
CP-51-CR-0009414-2016, CP-51-CR-0010116-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NORMAN BOWEN | : | |
| | : | |
| Appellant | : | No. 1318 EDA 2020 |

Appeal from the PCRA Order Entered May 26, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009387-2016,
CP-51-CR-0009396-2016, CP-51-CR-0009404-2016,
CP-51-CR-0009406-2016, CP-51-CR-0009408-2016,
CP-51-CR-0009414-2016, CP-51-CR-0010116-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |

J-S04043-22

<table>
<tr><td></td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>NORMAN BOWEN</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>Appellant</td><td>:</td><td>No. 1319 EDA 2020</td></tr>
</table>

Appeal from the PCRA Order Entered May 26, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009387-2016,
CP-51-CR-0009396-2016, CP-51-CR-0009404-2016,
CP-51-CR-0009406-2016, CP-51-CR-0009408-2016,
CP-51-CR-0009414-2016, CP-51-CR-0010116-2016

<table>
<tr><td>COMMONWEALTH OF PENNSYLVANIA</td><td>:</td><td>IN THE SUPERIOR COURT OF</td></tr>
<tr><td></td><td>:</td><td>PENNSYLVANIA</td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>v.</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>NORMAN BOWEN</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>Appellant</td><td>:</td><td>No. 1320 EDA 2020</td></tr>
</table>

Appeal from the PCRA Order Entered May 26, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009387-2016,
CP-51-CR-0009396-2016, CP-51-CR-0009404-2016,
CP-51-CR-0009406-2016, CP-51-CR-0009408-2016,
CP-51-CR-0009414-2016, CP-51-CR-0010116-2016

BEFORE: BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED FEBRUARY 4, 2022**

Appellant, Norman Bowen ("Bowen"), appeals from the May 26, 2020, order entered in the Court of Common Pleas of Philadelphia County, which dismissed Bowen's first petition filed under the Post Conviction Relief Act

_____

[*] Former Justice specially assigned to the Superior Court.

- 3 -

("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without an evidentiary hearing, at seven separate lower court docket numbers. After a careful review, we affirm.

The relevant facts and procedural history have been set forth previously by this Court, in part, as follows:

> During his guilty plea hearing, Bowen agreed to the following recitation of facts.
>
> [Regarding CP-51-CR-0009387-2016,] on June 29, 2016, [Bowen] conspired with codefendant, Anthony Campbell [("Campbell")], and another…to commit a home invasion robbery at [***] Lancaster Avenue. This property houses a Chinese restaurant on the first floor and a residence on the second. [Bowen and Campbell], each armed with a small black firearm, pointed their weapons at Ertai Lan…and Zhining Chang,…both who [sic] lived in the home, demanding money. [Bowen and Campbell] tied Mr. Lan's and Mr. Chang's hands with belts, [and] forcibly took money, [a] computer, and an iPhone.[1]
>
> ***
>
> [Regarding CP-51-CR-0009396-2016,] [o]n August 1, 2016, [Bowen] conspired with [] Campbell to commit a home-invasion robbery at [***] South 52nd Street. The property houses a Chinese restaurant on the first floor and a residence on the second. [Bowen and Campbell], each armed with a firearm, bound Xiuzhen Wang…and her 13-year-old son, [V.Z.],…while threatening them at gunpoint. They were tied with an extension cord and phone wire. [Bowen and Campbell] took jewelry, an Xbox, cigarettes, cash, and a jar of coins….
>
> ***
>
> [Regarding CP-51-CR-0009404-2016,]…on June 6, 2016, [Bowen] conspired with…Campbell[] to commit a home-invasion robbery at [***] Vine Street. The property houses a Chinese restaurant on the first floor and a residence on the second. [Bowen and Campbell] forcibly entered the restaurant, taking money, cigarettes, cigars, [and] other items from the store.

---

[1] The Commonwealth indicated that Bowen had previously been convicted of possession with intent to deliver, thus rendering him ineligible to possess a firearm.

[Bowen and Campbell] attempted to make entry into the residence where the complainants were sleeping but failed to force[] open the door. Police were called and ultimately arrived at that location after [Bowen and Campbell] left.

\*\*\*

[Regarding CP-51-CR-0009406-2016,]…on July 28, 2016, Bowen and…Campbell[] conspired to commit a home-invasion robbery at [\*\*\*] Master Street. This property houses a Chinese restaurant on the first floor and a residence on the second. The two forcibly entered through a rear security door[,] causing damage to the premises while wearing masks and gloves. Once inside, they forcibly entered the residence where the victims, Shuisang Huang [("Huang")],…Neng Lin [("Lin")],…and their nine-year-old daughter…were sleeping. [Bowen and Campbell], both armed with firearms, woke [up Lin and Huang]….[Bowen and Campbell] demanded money. Huang and Lin were both pistol-whipped about the head. Huang was struck three times. [Bowen and Campbell] demanded money[,] and bounded [*sic*] and gagged Huang, [tied] her about the hands and feet[,] and [placed] a pair of pants in her mouth. The two initially brought [] Lin downstairs with them in order to direct him [to show them] where to find the money, then ultimately returned [Lin] upstairs and tied him by the hands and feet. [Bowen and Campbell] ransacked the entire home, including the businesses and bedrooms of [] Huang and [] Lin[,] and the bedroom of their…daughter[], who [woke] up during that incident and [saw] an armed man ransacking her room. [Bowen and Campbell] took approximately $3,000 in cash, numerous pieces of jewelry that were taken from Huang's person, as well as her bedroom[,] and the video security system that had been installed in the restaurant. Lin and Huang suffered injuries to their heads as a result of being struck with the firearms….

\*\*\*

[Regarding CP-51-CR-0009408-2016,] [o]n July 31, 2016, [Bowen and Campbell], along with Sharif Mogley [("Mogley")], conspired to commit a home-invasion robbery at [\*\*\*] Market Street. The property houses a laundromat on the first floor and a residence on the second. [Bowen], along with Campbell, forcibly entered the business and ultimately the second floor residence[,] where Meiuy Chen [("Chen")]…and her children, [("X.L.")]…and [("R.L.")]…were asleep. Chen and [X.L.] were sleeping in the same room. [R.L.] was sleeping in another room. The complainants were awoken and had guns pointed to their head[s].

[X.L.] and Chen were both bound by their hands and feet[,]…while [Bowen and Campbell] took jewelry, $2,000, two computers, a box of tokens, [and] a large amount of change.

\*\*\*

[Regarding CP-51-CR-0009414-2016], on July 20, 2016, [Bowen] conspired with Campbell and Mogley to commit a home-invasion robbery at [\*\*\*] North 5th Street. [Bowen], along with Campbell, selected that location prior to that incident and labeled that as a property they thought would be easy and successful for a home-invasion gunpoint robbery. On that date, [Bowen] was not physically present, but during all of these incidents, a vehicle owned by [Bowen] was used by Campbell. Additionally, phone records of Campbell indicated multiple calls surrounding this incident from a phone number that belonged to Bowen's girlfriend before, during, and after this incident. Mogley and Campbell entered that house, which is a property that houses a Chinese restaurant on the first floor and a residence on the second….And on the date of this incident, [Campbell], along with Mogley, forcibly entered the property. The complainant, Xin Wu…hid within the house with his wife, watching on the camera as Mogley and Campbell took approximately $9,000 in cash, as well as cigarettes and jewelry, from the complainant's home.

\*\*\*

[Regarding CP-51-CR-0010116-2016,] on June 9, 2016, [Bowen] and…Campbell conspired to commit a home-invasion gunpoint robbery at [\*\*\*] West Ruscomb Street. This property houses a Chinese restaurant on the first floor and a residence on the second floor. [Bowen and Campbell], each armed with firearms, forcibly entered the property where the complainants, Yong Zhenyu,…Bizhong Liu,…and their ten-year-old daughter…were sleeping. [Bowen and Campbell] pointed the guns at the complainants and demanded property, taking approximately $10,000, jewelry, cigarettes, a computer, cell phones, iPads, and frozen shrimp.

N.T., 7/12/17, at 12-29 (some paragraph breaks omitted).

On July 12, 2017, Bowen pled guilty, on separate dockets, to twelve counts of robbery, eight counts of conspiracy, five counts each of burglary, false imprisonment, and possession of an instrument of crime ("PIC"), four counts of possession of firearms prohibited, and one count each of theft by unlawful taking,

aggravated assault, criminal attempt, and firearms not be carried without a license.[2] The trial court deferred sentencing and ordered

---

[2] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903, 3502(a)(1), 907, 2903, 6105, 3921(a), 2702, 901, [and] 6106.

---

a pre-sentence investigation report ("PSI"). The trial court sentenced Bowen to an aggregate term of 34 to 68 years in prison.

Bowen filed a timely Motion to Reconsider, which the trial court denied. Bowen thereafter filed a timely Notice of Appeal[.]

*Commonwealth v. Bowen*, No. 3445 EDA 2017, at *1-5 (Pa.Super. filed March 15, 2019) (unpublished memorandum) (footnote added).

On direct appeal, Bowen's sole claim challenged the discretionary aspects of his sentence. Specifically, Bowen alleged the trial court's imposition of consecutive sentences resulted in an excessive aggregate sentence, the trial court failed to consider mitigating factors, and the trial court failed to consider that Bowen accepted responsibility for his actions while expressing remorse. Finding Bowen was not entitled to relief on his claim, we affirmed his judgment of sentence on March 15, 2019. *See id.* Bowen did not file a petition for allowance of appeal with our Supreme Court.

On or about October 2, 2019, Bowen filed a timely *pro se* PCRA petition, and the court appointed Joseph Schultz, Esquire, to represent Bowen. On February 21, 2020, Attorney Schultz filed a petition seeking to withdraw his representation, as well as a "no-merit" letter under *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

On February 21, 2020, the PCRA court provided Bowen with notice of its intent to dismiss Bowen's PCRA petition under Pa.R.Crim.P. 907. On March 10, 2020, Bowen filed a *pro se* response in opposition. By order and opinion entered on May 26, 2020, the PCRA court dismissed Bowen's PCRA petition and granted Attorney Schultz's petition to withdraw.[2] On June 20, 2020, Bowen filed a separate *pro se* notice of appeal at each lower court docket number in compliance with **Commonwealth v. Walker**, 646 Pa. 456, 185 A.3d 969 (2018), and this Court consolidated the appeals.[3] The PCRA court did not direct Bowen to file a Pa.R.A.P. 1925(b) statement, and thus, no such statement was filed.

On appeal, Bowen sets forth the following issues in his "Statement of Questions Involved" (verbatim):

1. Did the trial court err in dismissing Bowen's Post-Conviction Relief Act Petition where he raised material issues of fact alleging ineffective assistance of counsel?

2. Was PCRA counsel ineffective for failing to raise material issues of fact alleging ineffective assistance of counsel?

---

[2] We note the certified docket entries contain no notation indicating that Bowen was properly served with this order. **See** Pa.R.Crim.P. 114(C)(2)(c) (indicating docket entries shall include the date of service of trial court orders).

[3] Although Bowen's *pro se* notices of appeal were not docketed until July 8, 2020, we shall deem the appeals to have been filed on June 20, 2020, when they were handed to prison authorities. **See Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa.Super. 2011) ("Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing.").

Bowen's Brief at 4.[4]

Initially, we note the following well-established applicable legal precepts:

Our standard of review for an order denying PCRA relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. *Commonwealth v. Sattazahn*, 597 Pa. 648, 952 A.2d 640, 652 (2008). "We must accord great deference to the findings of the PCRA court, and such findings will not be disturbed unless they have no support in the record." *Commonwealth v. Scassera*, 965 A.2d 247, 249 (Pa.Super. 2009) (citation omitted).

In reviewing Bowen's ineffective assistance of counsel claims, we are mindful that, since there is a presumption counsel provided effective representation, the defendant bears the burden of proving ineffectiveness. *Commonwealth v. Ali*, 608 Pa. 71, 10 A.3d 282 (2010). To prevail on an ineffective assistance claim, a defendant must establish "(1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his [client's] interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different." *Id.*, *supra*, 10 A.3d at 291 (citations omitted). A failure to satisfy

---

[4] Bowen has filed an appellate brief with the assistance of privately retained counsel.

any prong of the test for ineffectiveness will require rejection of the claim. *Id.*

Notably, "[c]ounsel cannot be deemed ineffective for failing to raise a meritless claim." *Commonwealth v. Johnson*, 635 Pa. 665, 139 A.3d 1257, 1272 (2016) (citation omitted).

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief…if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa.Super. 2007) (quotations and quotation marks omitted). *See Commonwealth v. Kersteter*, 877 A.2d 466, 467 (Pa.Super. 2005) (holding PCRA petitioner will be eligible to withdraw his plea if he establishes ineffective assistance of counsel caused the petitioner to enter an involuntary guilty plea, or the guilty plea was unlawfully induced, and the petitioner is innocent).

In his first issue, Bowen alleges the PCRA court erred in dismissing his petition since he "raised material issues of fact alleging ineffective assistance of counsel[.]" Bowen's Brief at 4. Specifically, Bowen avers the PCRA court erred in dismissing his petition since he raised a claim of "arguable merit as he averred that trial counsel intimidated and threatened him into pleading guilty by advising him if he did not plead guilty then he would spend the rest of his life in prison." *Id.* at 10-11. Bowen further avers that he was prejudiced

by trial counsel's ineffectiveness in that, but for counsel's "threat" of life in prison, he would not have pled guilty. *Id.* at 11.[5]

"[A] guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void." *Commonwealth v. Carter*, 464 A.2d 1327, 1334 (Pa.Super. 1983) (citation omitted). However, "[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of doing otherwise." *Commonwealth v. Rush*, 909 A.2d 805, 808 (Pa.Super. 2006). "Where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that

_____

[5] Bowen adequately raised this ineffective assistance of trial counsel claim in his *pro se* PCRA petition. *See* Bowen's *pro se* PCRA petition, filed 10/2/19, at 8-9. Further, we note Bowen suggests, for the first time on appeal, that his court-appointed PCRA counsel, Joseph Schultz, Esquire, was ineffective for failing to raise in his *Turner/Finley* "no-merit" letter "trial counsel's ineffectiveness for unlawfully inducing Bowen to plead guilty." Bowen's Brief at 12. Assuming Bowen has adequately preserved and developed his ineffective assistance of PCRA counsel claim on appeal, *see Commonwealth v. Bradley*, ___ Pa. ___, 261 A.3d 381 (2021) (holding a PCRA petitioner may raise claims of PCRA counsel's ineffectiveness for the first time on collateral appeal), we dispose of the claim by noting Bowen is mistaken. The record reveals Attorney Schultz raised and discussed this specific ineffective assistance of trial counsel claim in his *Turner/Finley* "no-merit" letter, and in response, the PCRA court agreed with Attorney Schultz that there was no arguable merit to the underlying claim. *See Turner/Finley* "no-merit" letter, filed 2/21/20, at 11-12; PCRA Court Opinion, filed 5/26/20, at 8-9, 13-14. In any event, as discussed *infra*, we conclude there is no merit to Bowen's ineffective assistance of trial counsel claim, and therefore, PCRA counsel cannot be deemed ineffective on this basis. *See Johnson*, *supra* (counsel cannot be deemed ineffective for failing to raise a meritless claim).

the defendant understood the nature of the charges against him, the voluntariness of the plea is established." *Id.*

Moreover, "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa.Super. 2003). *See Commonwealth v. Pier*, 182 A.3d 476, 480 (Pa.Super. 2018).

Additionally, a written plea colloquy that is read, completed, and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination. *Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa.Super. 2005) (*en banc*); Pa.R.Crim.P. 590, Comment. "[A] plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." *Commonwealth v. Fluharty*, 632 A.2d 312, 315 (Pa.Super. 1993).

In the case *sub judice*, in finding Bowen was not entitled to relief on his claim of ineffective assistance of trial counsel, the PCRA court relevantly indicated:

> Pleas must be taken in open court, and trial courts must conduct an on the record colloquy to ascertain whether the defendant is aware of his rights and the consequences of his plea. *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa.Super.

- 12 -

2008). Through its colloquy, the trial court must affirmatively demonstrate that the defendant understands: (1) the nature and charges to which he pleads guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of his innocence; (5) the permissible ranges of sentences and fines; and, (5) that the judge is not bound by [the terms of] an agreement unless the [judge] accepts it. Pa.R.Crim.P. 590, Comment.

*\*\**

On July 12, 2017, [Bowen] entered into seven knowing, intelligent, and voluntary guilty pleas. Before entering his pleas, [Bowen] reviewed Written Guilty Plea Colloquies, which enumerated his charges, the maximum possible penalties, his right to a jury trial, the presumption of his innocence, and the potential ranges of sentences and fines. *See* Written Guilty Plea Colloquy Forms[.]

[The trial] court supplemented the Written Guilty Plea Colloquies with an extensive oral colloquy, again informing [Bowen] of his right to trial by a jury of his peers and the rights he was waiving. N.T., 7/12/17, at 4-12, 31. During his oral colloquy and while under oath, [Bowen] confirmed he could read, write, and understand English, that his medication for mental health issues did not inhibit his ability to understand the proceedings, that he understood that he was giving up all [of] his trial rights and most appellate rights, including his presumption of innocence, and [the trial] court would ultimately determine the appropriate sentence. *Id.* at 5-11. [Bowen] swore to [the trial] court [that] he had reviewed the contents of the written colloquy form with his attorney and had no remaining questions. After listening to the facts of each case against him, [Bowen] confirmed that the Commonwealth's recitation of the facts was true and accurate, and admitted his guilt to each offense.

PCRA Court Opinion, filed 5/26/20, at 8-9 (footnote omitted).

Moreover, we note that our review of the written guilty plea colloquies, which are contained in the certified record, reveal that Bowen confirmed: "Nobody promised me anything or threatened me or forced me to plead guilty. I, myself, have decided to plead guilty." Written Guilty Plea Colloquy, filed

7/12/17, at 1. He attested: "I am satisfied with the advice and service I received from my lawyer. My lawyer spent enough time on my case[,] and I had enough time to talk with my lawyer about the case. My lawyer left the final decision to me[,] and I decided myself to plead guilty." *Id.* at 3.

Furthermore, during the oral guilty plea colloquy, Bowen confirmed that he understood he was entering an open guilty plea, and the trial court would determine an appropriate sentence. N.T., 7/12/17, at 4-5. The trial court specifically informed Bowen the sentence would be imposed following the court's receipt of a pre-sentence investigation report, and the trial court would take into consideration "the seriousness of these offenses as well as [Bowen's] background" in imposing sentence. *Id.* at 6.

Moreover, after Bowen confirmed he was guilty of the offenses as supported by the Commonwealth's recitation of the facts, the following relevant exchange occurred:

> THE COURT: Mr. Bowen, I want to make sure that you understood [*sic*] to the cases, the various elements of the offenses and the mandatory minimums—the mandatory potential sentence that you could go [*sic*] to each one of these [offenses]. The robberies and the burglaries and the conspiracies all carry ten to 20 years imprisonment each. The 6105 is a possible five to ten. The PIC is two and a half to five as well as false imprisonment, other than the one we talked about. They're one to two years. And the F2, the felony of the second-degree is five to ten years.
>
> Obviously, if we add all these up, you're looking at more than a lifetime of jail; do you understand that?
>
> [BOWEN]: Yes.
>
> THE COURT: You understand there's no agreement as to your sentence, that will be up to me to decide after we get reports.

- 14 -

***

> So, Mr. Bowen, I am making, as I have, the decision that you made a knowing, intelligent, voluntary decision after knowing what your rights are, the rights you're giving up by pleading today, so I'm going to sign every single one of these colloquy forms.

*Id.* at 31-33.

Based on the aforementioned, in rejecting Bowen's claim, the PCRA court indicated:

> [Bowen] claims he was unlawfully induced into pleading guilty because he [was told by guilty plea counsel that he] faced, in effect, a life sentence. In reality, [Bowen] indeed faced a maximum sentence that far exceeded the limits of his natural life. [Bowen's] signed colloquy forms listed the charges and their associated maximum penalties. With a prior record score of five, [Bowen] faced a maximum sentence of 331½ to 663 years, if all counts were imposed consecutively[.]
>
> ***
>
> [Further,] [t]rial counsel's advice to enter into a guilty plea was not ineffective, given the gravity of these matters. By pleading guilty, [Bowen] avoided exposure to more than six centuries of incarceration, for which every year was justified, given the horrendous nature of the instant offenses. By virtue of his pleas, [Bowen] has a meaningful opportunity for release through the parole process. Nothing on the record indicates that his plea was coerced, and his claim fails.

PCRA Court Opinion, filed 5/26/20, at 13-14.

We conclude the PCRA court properly found Bowen was not entitled to relief on his ineffective assistance of counsel claim. A defendant need not be pleased with the outcome of his decision to plead guilty. *See Commonwealth v. Anderson*, 995 A.2d 1184 (Pa.Super. 2010). "All that is required is that

- 15 -

[his] decision to plead guilty be knowingly, voluntarily and intelligently made." *Id.* at 1192.

Here, the record reveals Bowen entered his seven guilty pleas knowingly, voluntarily, and intelligently. Bowen had a full understanding of the nature and consequences of his plea. Further, Bowen confirmed no one threatened him or made promises inducing him to plead guilty. *See Morrison*, *supra*; *Pollard*, *supra*. To the extent trial counsel informed Bowen that, if he proceeded to trial then he could "spend the rest of his life in prison," Bowen's Brief at 11, we conclude counsel's advice in this regard was "within the range of competence demanded of attorneys in criminal cases." *Moser*, 921 A.2d at 531. Thus, Bowen is not entitled to relief on his ineffective assistance of trial counsel claim.

In his final claim, Bowen avers PCRA counsel, Attorney Schultz, was ineffective in failing to investigate and/or raise genuine issues of material fact in his *Turner/Finley* "no-merit" letter, or in an amended PCRA petition, regarding whether trial counsel was ineffective for failing to investigate and subpoena alibi witnesses.[6] Bowen's ineffectiveness claim as to PCRA counsel

---

[6] We note Bowen suggested in his *pro se* PCRA petition that trial counsel was ineffective in failing to investigate and subpoena alibi witnesses. Moreover, Bowen raised the issue of PCRA counsel's ineffectiveness in his *pro se* response in opposition to the PCRA court's notice of its intent to dismiss. *See Bradley*, *supra* (pertaining to the preservation of claims involving the alleged ineffectiveness of PCRA counsel).

is derived from his underlying assertion that trial counsel performed deficiently, and PCRA counsel should have raised and developed the issue in the proceedings before the PCRA court. *See Commonwealth v. Crumbley*, ___ A.3d ___, 2022 WL 221556 (Pa.Super. Jan. 26, 2022). Accordingly, PCRA counsel may be found ineffective only if trial counsel was ineffective. *Id.*

Initially, we note that, contrary to Bowen's suggestion, Attorney Schultz raised in his *Turner/Finley* "no-merit" letter the issue of whether trial counsel was ineffective as it pertained to investigating and subpoenaing alibi witnesses. *See Turner/Finley* "No-Merit" Letter, filed 2/21/20, at 10.

In relevant part, Attorney Schultz indicated:

[Bowen] claims in his *pro se* [PCRA] petition that he was in another state. [Bowen] has not specified where he was or what witnesses he wanted investigated. Regardless, [Bowen] was aware of his alibi [witnesses] at the time of his [guilty] plea. He did not stop the guilty plea or state that he had a defense. He could have proceeded to trial and tested the evidence against him. Instead, he [voluntarily] pleaded guilty.

*Id.* Thus, Attorney Schultz informed the PCRA court that he believed there was no arguable merit to Bowen's ineffective assistance of trial counsel claim and/or Bowen failed to demonstrate prejudice.[7]

---

[7] The PCRA court agreed with Attorney Schultz that there was no arguable merit and/or Bowen failed to demonstrate prejudice as it relates to his ineffective assistance of trial counsel claim. *See* PCRA Court Opinion, filed 5/26/20.

In any event, with regard to the underlying claim of whether trial counsel was ineffective in failing to investigate potential alibi witnesses, our Supreme Court has held as follows:

> Counsel has a general duty to undertake reasonable investigations or make reasonable decisions that render particular investigations unnecessary....The duty to investigate...may include a duty to interview certain potential witnesses; and a prejudicial failure to fulfill this duty, unless pursuant to a reasonable strategic decision, may lead to a finding of ineffective assistance....
>
> [W]here there is a limited amount of evidence of guilt, it is *per se* unreasonable not to attempt to investigate and interview known eyewitnesses[8] in connection with defenses that hinge on the credibility of other witnesses....
>
> [S]uch a *per se* failing as to performance, of course, does not make out a case of prejudice....

***Commonwealth v. Johnson***, 600 Pa. 329, 966 A.2d 523, 535–36 (2009) (citations omitted) (footnote added).

To demonstrate prejudice where the allegation is the failure to investigate/call a witness in the context of a guilty plea, the "appellant must prove he would not have pled guilty and would have achieved a better

---

[8] We note this Court has explained that:
> [A] failure to investigate and interview a witness claim overlaps with declining to call a witness since the petitioner must prove: (i) the witness existed; (ii) the witness was available to testify; (iii) counsel knew of, or should have known of, the existence of the witness; (iv) the witness was willing to testify; and (v) the absence of the testimony was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Pander***, 100 A.3d 626, 638-39 (Pa.Super. 2014) (*en banc*) (quotation marks and quotation omitted).

outcome at trial." ***Commonwealth v. Fears***, 624 Pa. 446, 86 A.3d 795, 806-07 (2014) (quotation marks and quotation omitted). "The law does not require that [an] appellant be pleased with the outcome of his decision to enter a plea of guilty[.]" ***Bedell***, 954 A.2d at 1212 (citation omitted).

In the case *sub judice*, while Bowen complains trial counsel should have investigated and/or called alibi witnesses, he makes no claim that, had trial counsel done so, he would not have pled guilty. ***See Fears***, ***supra***. Bowen's Brief at 14.[9]

Further, as indicated *supra*, Bowen entered seven voluntary, intelligent, and knowing guilty pleas. Bowen cannot now blame counsel for his decision to plead guilty, as it was an informed and intelligent plea. There is nothing in the record indicating trial counsel induced Bowen to enter an involuntary or unknowing plea, and Bowen denied as much during the written and oral plea colloquies. ***See Commonwealth v. Brown***, 48 A.3d 1275 (Pa.Super. 2012) (holding a defendant is bound by the statements made during the plea

---

[9] Bowen baldly contends that "PCRA counsel's ineffectiveness caused prejudice to Bowen as the [alibi] issue was not developed, and he was deprived of this issue being heard by the [PCRA] court." Bowen's Brief at 14. As indicated *supra*, PCRA counsel raised in his ***Turner/Finley*** "no-merit" letter the issue of whether trial counsel was ineffective in failing to investigate/call alibi witnesses. Also, Bowen raised the claim of PCRA counsel's ineffectiveness as to this issue in his *pro se* response in opposition to the PCRA court's notice of its intent to dismiss. As such, Bowen has not established that he was "deprived of this issue being heard by the [PCRA] court." ***Id.***

colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pleaded guilty).

Thus, Bowen's claim of ineffectiveness of trial counsel lacks merit. Accordingly, PCRA counsel may not be deemed ineffective on this basis. [10] **See Johnson**, **supra**; **Crumbley**, **supra**.

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/4/2022

---

[10] To the extent Bowen complains he was entitled to an evidentiary hearing, we note that "[a] PCRA court may decline to hold a hearing on a PCRA petition if the petitioner's claim is patently frivolous and lacks support in the record or any other permissible evidence." **Commonwealth v. Jordan**, 772 A.2d 1011, 1014 (Pa.Super. 2001). Here, we conclude the PCRA court did not abuse its discretion in dismissing Bowen's PCRA claims without holding an evidentiary hearing.